COMMONWEALTH *vs.* ARTHUR STINSON. June 27, 1978. In this prosecution for unlawfully carrying a revolver (second offense) (G. L. c. 269, §§ 10[a] & [d], as amended through St. 1975, c. 585, § 1), the defendant's motion to suppress was allowed after an evidentiary hearing, and the Commonwealth has appealed. See G. L. c. 278, § 28E, as amended by St. 1972, c. 740, § 16. The only question argued is: "Whether a police officer, when under a reasonable, good faith belief that arrest warrants are outstanding on an individual, has the lawful authority to briefly detain him?" There is no need to discuss the legal aspects of that question, as it is clear from a reading of the transcript of the colloquy between the judge and counsel as the hearing neared its close that the judge did not credit the testimony that the police officers believed that there was an outstanding warrant for the arrest of the defendant. In his findings the judge made no mention of the officers' supposed belief concerning a warrant and found only that the defendant was a known trafficker in drugs; that the area was one in which there was "frequent drug trafficking"; that the police saw the defendant alight from his car and approached him; that one of them ordered the defendant to put his hands on top of the car; that, when the defendant complied, the tail of his shirt lifted up, exposing the butt of a handgun in the waistband of the defendant's trousers; and that the gun was seized. The judge ruled that on those facts, without more, the stop and seizure was unreasonable, citing, among other cases, *Terry* v. *Ohio,* 392 U.S. 1 (1968), *Commonwealth* v. *Silva,* 366 Mass. 402 (1974), and *Commonwealth* v. *Almeida,* 373 Mass. 266 (1977). We conclude that the judge's omission of any reference in his findings to the matter of a warrant was deliberate and because of his disbelief of the testimony on that subject.

*Order affirmed.*

*John A. Kiernan,* Assistant District Attorney (*Dennis J. Curran,* Assistant District Attorney, with him) for the Commonwealth.
*Susan J. Baronoff* for the defendant.